**<u>NOT FOR PUBLICATION</u>**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| NAHUM SOTELO SALVATIERRA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-07068 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Nahum Sotelo Salvatierra's ("Petitioner") Second Petition for Writ of Habeas Corpus ("Second Petition") pursuant to 28 U.S.C. § 2241 arguing his detention has become prolonged and his bond hearing violated his due process rights. (ECF No. 1.) Respondents filed an answer (ECF No. 7), and Petitioner replied (ECF No. 9). Having reviewed and considered the parties' submissions filed in connection with the Second Petition, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below, Petitioner's Second Petition is **DENIED**.

**I.    Background**

Petitioner, a citizen of Bolivia, unlawfully entered the United States on June 4, 2024, and was apprehended by immigration authorities. (ECF No. 1 at 6.) Petitioner expressed fear, and on June 16, 2024, an asylum officer found Petitioner established a credible fear of persecution or torture. (*Id.*) On June 18, 2024, Petitioner was issued a Notice to Appear ("NTA").[1] (*Id.*)

---

[1] The parties do not clarify if Petitioner was released from custody on June 18, 2024; however, at some point, Petitioner was released into the United States.

On November 29, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents. *See Sotelo Salvatierra v. Bondi*, Civ. A. No. 25-18608 (BRM), ECF No. 1 at 1 (D.N.J.). Following Petitioner's arrest and detention by ICE, he was not afforded an individualized bond hearing because he was held in mandatory detention under 8 U.S.C. § 1225(b)(2). *Id.*, ECF No. 1 at 2.

On December 14, 2025, Petitioner filed his first petition for writ of habeas corpus, challenging his mandatory detention under § 1225(b)(2). *Id.*, ECF No. 1. On January 7, 2026, the Court granted his first petition, and found Petitioner could only be detained under 8 U.S.C. § 1226(a). *Id.*, ECF No. 5. The Court ordered Respondents to provide Petitioner with an individualized bond hearing before and Immigration Judge ("IJ"). *Id.*, ECF No. 5. On January 8, 2026, following a bond hearing, an IJ denied Petitioner bond, finding that he had not met his burden to show he was not a flight risk. *Id.*, ECF No. 7.

On June 13, 2026, Petitioner filed the Second Petition. (ECF No. 1.) Petitioner argues his detention has become prolonged, and his bond hearing violated his due process rights. (*See generally id.*) Respondents filed an answer. (ECF Nos. 7, 8.) Petitioner replied. (ECF No. 9.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody

2

in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

**III.    DECISION**

In the Petition, Petitioner argues his detention has become prolonged, and his bond hearing violated his due process rights. (*See* ECF No. 1.)

**A.  Prolonged Detention Challenge**

Petitioner first argues his detention has become prolonged in violation of his due process rights. (*Id.* at 7–8.) "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. U.S. of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

Petitioner has been detained for approximately eight months, but duration alone cannot "sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Borbot*, 906 F.3d at 277. "Unlike § 1226(c) detainees . . . who were detained for prolonged periods without being given any opportunity to apply for release on bond, [Petitioner] was granted meaningful process prior to filing his habeas petition." *Id.* at 278–79.

3

"The Third Circuit recognized the concern that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged and may warrant relief beyond the bond hearing provided by the statute and its implementing regulations." *Onuwa v. Field Off. Dir.*, Civ. A. No. 26-2403, 2026 WL 772435, at *2 (D.N.J. Mar. 19, 2026) (citation modified) (citing *Borbot*, 906 F.3d at 280). However, it declined to decide what those circumstances may be. *Id.* Therefore, even though the Third Circuit's decision "suggests that such a claim may be available in an extreme case, even a two year detention period did not in and of itself warrant relief in light of the procedural mechanisms – including bond appeals and bond redeterminations in the immigration courts – available to section 1226(a) detainees." *Id.*

Here, Petitioner has been detained for significantly less time than the petitioner in *Borbot*, who had been detained for two years before filing his habeas petition. Petitioner also received a bond hearing six months ago. Petitioner's "relatively brief detention since that date without a bond hearing does not violate his due process rights." *Viantsko v. Lowe*, Civ. A. No. 26-0563, 2026 WL 963038, at *4 (M.D. Pa. Apr. 9, 2026).

### B. Bond Hearing Challenge

Next, Petitioner alleges he was not provided with a constitutionally adequate bond hearing as required by due process. (ECF No. 1 at 9–10.) Petitioner alleges the IJ assumed an adversarial posture and based this bond denial on a prediction that Petitioner would not prevail on appeal. (*Id.*)

This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, Civ. A. No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). "In a fundamentally fair bond hearing, due process has three essential elements." *Id*. The noncitizen "(1) is entitled to factfinding

based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id.* (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)).

Having conducted a review of the parties' submissions and the transcript of the bond hearing (ECF No. 8-1), the Court finds that the January 8, 2026 bond hearing satisfied the requirements of due process and fundamental fairness. Petitioner was represented by counsel, afforded the opportunity to present evidence and argument, and the IJ considered documentary submissions and articulated the basis for the determination on the record, including findings as to danger to the community and risk of flight grounded in the evidentiary record. The record reflects an individualized assessment of the relevant statutory factors and does not demonstrate any procedural deprivation that would undermine the reliability or integrity of the proceeding. Accordingly, the bond hearing comported with the minimum requirements of fundamental fairness under *Ghanem*.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's § 2241 Second Petition (ECF No. 1) is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 24, 2026